IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| ROYAL D. CLINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-588 |
| | ) | |
| BWXT-Y12, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Now before the court is plaintiff's "Motion to Exclude" [doc. 39], which asks the court to strike all attachments to defendant's summary judgment reply brief [doc. 38] due to alleged violation of E.D. TN. LR 7.1(d). Rule 7.1(d) provides that, other than a brief, an answering brief, a reply brief, and (in limited circumstances) a timely surreply, "[n]o additional briefs, affidavits, or other papers in support of . . . a motion shall be filed without prior approval of the court."

On November 15, 2006, defendant filed its summary judgment brief [doc. 28]. The court subsequently granted the parties' joint motion to continue trial [doc. 29], allowing plaintiff until February 28, 2007, to file his answering brief, and further allowing defendant until March 23, 2007, to file its reply [doc. 30].

By order dated March 5, 2007 [doc. 35], the court granted plaintiff's motion to file an answering brief in excess of the pages allowed by the local rules.[1] Defendant's reply brief - the filing now at issue - timely followed.

The reply brief is entirely proper under Local Rule 7.1 and the court's prior orders [docs. 30, 37]. *See* E.D. TN. LR 7.1(a) (allowing "a reply brief and accompanying material"). The local rule (7.1(d)) relied upon by plaintiff has no application to reply briefs. Plaintiff's "Motion to Exclude" is **DENIED**. Plaintiff is further again **ORDERED** to electronically file the answering brief appended to his "Motion to File Extended Brief" [doc. 34, ex. 1].

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

---

[1] Although the March 5, 2007 order specifically granted approval for plaintiff to electronically file the proposed brief appended to his motion, plaintiff has not done so. Therefore, despite the rapid approach of trial, defendant's summary judgment motion presently remains unopposed and ripe for the court's consideration.